United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOE MARCOS GOMES,                                          No. C 05-3946 SI (pr)

        Plaintiff,                                      **ORDER OF SERVICE**

   v.

CHARLES C. PLUMMER, sheriff;
SANDY KNIGHT, day nurse,

        Defendants.
                                    /

**INTRODUCTION**

     Joe Marcos Gomes, an inmate at the Deuel Vocational Institution, filed this pro se civil rights action under 42 U.S.C. § 1983, complaining about a problem he encountered when he was incarcerated at the Santa Rita Facility of the Alameda County Jail. The court dismissed the complaint with leave to amend. Gomes thereafter filed an amended complaint, which is now before the court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

     A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

To establish a claim for an Eighth Amendment violation, an inmate claiming that prison officials failed to attend to medical needs must establish both (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992). A medical need is serious if the failure to treat the inmate's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. at 1059 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

Gomes alleges in his amended complaint that he obtained prescriptions for special shoes and ibuprofen on August 16, 2005, while he was incarcerated at the Santa Rita Facility. The prescriptions were lost. Gomes further alleges that he saw day nurse Sandy Knight on August 30, 2005 and attempted to get a replacement copy of the shoe prescription and a renewal of the ibuprofen prescription. He alleges that nurse Knight cancelled his prescriptions without consulting a doctor and told him to buy ibuprofen at the canteen. Gomes alleges that he did not buy the medications. He further alleges that as a result, he suffered until his transfer out of Santa Rita on October 24, 2005. Liberally construed, the allegations of the amended complaint state a claim for relief under § 1983 for deliberate indifference to medical needs by defendant Sandy Knight.

Although the amended complaint does not indicate whether Gomes was a pretrial detainee or a convict at the time of the incident, the allegations would suffice to state a claim under the Fourteenth Amendment or Eighth Amendment. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendant Sandy Knight for deliberate indifference to plaintiff's medical needs.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, a copy of this order, and a copy of all the other documents in the case file upon Sandy Knight, who apparently is employed as a nurse on the medical staff at the Santa Rita Facility of the Alameda County Jail.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 2, 2006**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, she must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 7, 2006**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

   c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **July 21, 2006**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

  7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  IT IS SO ORDERED.

Dated: March 20, 2006

               _____
               SUSAN ILLSTON
               United States District Judge

4